## THORP v. THE PEOPLE.

[JANUARY TERM, 1861.]

WHEN AN INDICTMENT IS DULY EXHIBITED IN OPEN COURT AND INDORSED
  "A TRUE BILL," it is evidence that it was duly found by a legal grand
  jury.

A GRAND JURY IMPANNELED FROM JURORS OBTAINED ON A VENIRE ISSUED
  LESS THAN THIRTY DAYS prior to the commencement of the term of
  court at which the jury is to serve, is not a legal grand jury.

WRIT of error to the third district.   The opinion states the
facts.

*James & Broadhead,* for the plaintiff in error.

*A. Wilson, U. S. district attorney,* for the defendant in
error.

CROSBY, J. :

Plaintiff in error, after the presentment of the indictment
by the grand jury, challenged the array, on the ground that the
grand jurors were not selected acording to law.   The court
overruled the motion, and this is assigned as error.

It appears by the record a venire issued on July 25, 1859
to the United States marshal, directing him to summon a
grand jury of twenty-four men, the number required by law,
and that he returned the same into court on July 28th ; that
the jury were on the same day sworn and charged, and on
July 30th came into court and preferred the indictment for
burglary against the plaintiff in error.

The question is simply this, Were the grand jury found in
the manner prescribed by statute ?   Since if they were not,
they had no power to find a valid indictment.

Section 5 of the act in relation to grand and petit jurors provides that when a district court is to be held, whether for a district or a county, the clerk of said court shall, at least thirty days previous to the time of holding said court, issue a writ to the marshal or any of his deputies if said court is to be held for a district, or to a sheriff or any of his deputies of the county in which said court is to be held if it is to be held for a county, specifying the time and place of holding said court, and requiring him to summon, if for a grand jury, twenty-four eligible men to serve as grand jurors.

The manner of summoning, the time required, the mode of selecting, are all expressly laid down, leaving nothing to be implied or in doubt. The law is explicit, and must in every respect be complied with.

It is apparent in this case that its requirements have not been fulfilled. The venire is issued to the marshal, returned into court three days afterwards, and the jury thus summoned are on the same day impaneled and sworn.

It is true, as a general rule, that when the indictment is duly exhibited in open court and indorsed "a true bill," it is evidence that it was duly found by a legal grand jury. But when the records of the court show that the grand jurors were not legally selected, and had no authority to act, it is evidence of a higher grade, and shows that the indictment could not have been found, exhibited, and indorsed by legal authority: See *Dutele* v. *The State*, 4 G. Greene, 125.

The challenge to the array should have been allowed.

Judgment reversed.

KINNEY, C. J., concurred.